DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF & BROWNE LLP
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OSIRIS MARINE AND GENERAL INSURANCE
COMPANY LIMITED,

                           *Plaintiff,*

        -against-

THE FOURTEEN FLORENCE STREET CORP.
a/k/a FLORENCE WAREHOUSE, INC. and
MECCA & SONS TRUCKING CORP.,

                          *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JUDGE DANIELS

08 CIV. 4232

**COMPLAINT AND**
**JURY TRIAL DEMAND**

       Plaintiff, Osiris Marine and General Insurance Company Limited ("Osiris" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

       1.    All and singular the following premises are true and constitute claims arising within the diversity jurisdiction of the Court, pursuant to 28 U.S.C. § 1332, as hereinafter more fully appears.

       2.    At all times material hereto, Osiris was and is a company organized and existing under and by virtue of the laws of Gurnsey, having its principal place of business in Gurnsey and the insurer of the shipment that is the subject of the present action, as more fully described herein.

3.    At all times material hereto, Defendant The Fourteen Florence Street Corp. a/k/a Florence Warehouse, Inc. ("Fourteen Florence") was and is a corporation organized and existing under and by virtue of the laws of the State of New Jersey, having its principal place of business in Jersey City, New Jersey.    At all material times hereto Defendant Fourteen Florence was and is engaged in business as an interstate carrier and/or warehouseman of goods for hire.

4.    At all times material hereto, Defendant Mecca & Sons Trucking Corp. ("Mecca"), was and is a corporation organized and existing under and by virtue of the laws of the State of New Jersey, having its principal place of business in Jersey City, New Jersey.    At all times material hereto Defendant Mecca was and is engaged in business as an interstate carrier and warehouseman of goods for hire.

5.    The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.    Venue is proper in the Southern District of New York, pursuant to 28 USC § 1391 (a)(3), and (c) on the basis that the Defendants, for purposes of the statute, resides in the Southern District of New York by virtue of the fact that they did and continue to regularly do business in this district.

7.    Prior to August 7, 2007, various consignments of coffee owned by Plaintiff's assured, as identified more fully in Schedule A attached hereto, were delivered and entrusted in good order and condition to Defendants Fourteen Florence and Mecca.

8.    Defendants accepted said Shipment, and, in consideration of charges paid and/or agreed to be paid, further agreed and undertook to safely store said Shipment in good order and condition.

2

9.    Defendants' handling of the said Shipment was to be performed subject to the requirements of applicable contract and law.

10.    The Shipment owned by plaintiff's assured and delivered to Defendants all was damaged during the time within which the Shipment was being stored in Defendants' warehouse.

11.    The said Shipment was outturned on approximately October 11, 2007, but not in like good order and condition as when received by Defendants. On the contrary, said Shipment was delivered short because a portion of the shipment was seriously damaged by water and delays in notifying the plaintiff's assured about the damage, and was salvaged at a fraction of the Shipment's fair market value.

12.    Defendants' failure to deliver the complete said Shipment in same condition as tendered was in violation of Defendants' obligations and duties as carriers and/or warehousemen.

13.    As a result, plaintiff was obligated to pay its assured substantial sums. Plaintiff brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties interested in and who were damaged as a result of the loss of the said Shipment, as their respective interests may ultimately appear, and is duly entitled to maintain this action.

14.    Plaintiff and its assured has performed all conditions on their parts to be performed.

15.    By reason of the foregoing, Plaintiff has sustained substantial damages, no part of which has been paid by Defendants, although duly demanded, in a sum estimated to be or exceed U.S. $173,000.

3

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT
**(As To Both Defendants)**

16.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 15 above.

17.     Plaintiff's assured entered into a contract with Defendants to receive and store the Shipment in anticipation of ultimate delivery to the consignee.

18.     Defendants breached said contract by failing to re-deliver the Shipment in like good order and condition.

19.     As a result of the breach, the Defendants have caused damage as alleged herein to Plaintiff and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S. $173,000.

## SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY – NEGLIGENCE
**(As To Both Defendants)**

20.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 19 above.

21.     Defendants willfully, recklessly, negligently or with gross negligence failed to exercise the degree of care in relation to said Shipment that a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly, negligently and/or with gross negligence failed to take adequate precautions for the Shipment such as were reasonably required and would be sufficient to prevent damage to said Shipment.

4

22.     The said Shipment suffered loss as alleged herein, as a proximate result of Defendants' said willful, reckless, negligent and/or grossly negligent conduct.

23.     Defendants are accordingly liable to Plaintiff in an amount estimated to be or exceed U.S.$173,000.

### THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

24.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 23 above.

25.     Defendants were, at all relevant times, acting as bailees of or otherwise had a duty to care for the Shipment at the time it was damaged. Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the said Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those obligations and negligently failed to deliver to Plaintiff's assured or its designee the said Shipment in as complete and good condition as when entrusted to them.

26.     By reason of the foregoing, the Defendants have caused damage as alleged herein to Plaintiff, and to the others on whose behalf Plaintiff sues, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S.$173,000.

5

WHEREOF, Plaintiff prays:

1.      That process in due form of law may issue against the Defendants citing it to appear and answer all and singular the matters aforesaid;

2.      That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3.      That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  Rye, New York
        May 2, 2008

                                        MALOOF BROWNE & EAGAN LLC

                                        By: _____
                                            David T. Maloof (DM 3350)
                                            Thomas M. Eagan (TE 1713)
                                            411 Theodore Fremd Avenue, Suite 190
                                            Rye, New York 10580
                                            Tel: (914) 921-1200
                                            Fax: (914) 921-1023
                                            Email: dmaloof@maloofandbrowne.com
                                                   teagan@maloofandbrowne.com
                                            *Attorneys for Plaintiff*

6

## JURY DEMAND

Plaintiffs demand a jury trial on all triable issues raised in the pleadings.

Dated: Rye, New York
      May 2, 2008

                           MALOOF BROWNE & EAGAN LLC

                           By:_____
                           David T. Maloof  (DM 3350)
                           Thomas M. Eagan (TE 1713)
                           411 Theodore Fremd Avenue - Suite 190
                           Rye, New York 10580
                           (914) 921-1200
                           *Attorneys for Plaintiff*

F://WP-Docs/0701.87/020308 Complaint.doc

20 Westport Road
Wilton, Connecticut
08897-0810

Fax 203 761 2029

Coffee Division

To: Florence Warehouse
    580 Marin Blvd
    Jersey City, NJ    07301

    Mecca Trucking
    580 Marin Blvd.
    Jersey City, NJ    07301

In regard to the following water damaged coffees:

09/12/2007

FLORENCE DAMAGED

| Cargo # | Receipt date | Dreyfus P# | Exchange # | Whse | Description | Container | Marks | Quantity | bags |
|---------|--------------|------------|------------|------|-------------|-----------|-------|----------|------|
| F-198 | 4/23/2007 | P-15798 | | 3 | GUATEMALA COFFEE | IVLU 9563309 | 11/30/145 | 250 | 15 |
| F-224 | 5/7/2007 | P-15488 | | 3 | GUATEMALA COFFEE | CLHU 2218550 | 11/30/193 | 275 | 30 |
| F-228 | 5/7/2007 | P-15488 | | 3 | GUATEMALA COFFEE | GSTU 4847642 | 11/30/193 | 275 | 20 |
| F-006 | 3/8/2007 | P-15830 | | 3 | PERU COFFEE | EISU 3659250 | 30-569-0281 | 275 | 40 |
| F-008 | 3/8/2007 | P-15830 | | 3 | PERU COFFEE | EMCU 3260903 | 30-569-0281 | 275 | 21 |
| F-010 | 3/8/2007 | P-15830 | | 3 | PERU COFFEE | GLDU 3033375 | 30-569-0281 | 275 | 20 |
| F-012 | 3/8/2007 | P-15830 | | 3 | PERU COFFEE | FSCU 3663670 | 30-569-0281 | 275 | 17 |
| F-014 | 3/8/2007 | P-15830 | | 3 | PERU COFFEE | INBU 3640335 | 30-569-0281 | 275 | 20 |
| F-016 | 3/8/2007 | P-15830 | | 3 | PERU COFFEE | FSCU 7321629 | 30-569-0281 | 275 | 16 |
| F-018 | 3/12/2007 | P-15840 | Jul-61 | 3 | PERU COFFEE | EISU 3737898 | 30-569-0655 | 275 | 21 |
| F-020 | 3/12/2007 | P-15840 | Jul-62 | 3 | PERU COFFEE | TGHU 3416370 | 30-569-0659 | 275 | 20 |
| F-022 | 3/12/2007 | P-15840 | Jul-63 | 3 | PERU COFFEE | UESU 2441976 | 30-569-0657 | 275 | 50 |
| F-024 | 3/12/2007 | P-15848 | Jul-64 | 3 | PERU COFFEE | EISU 3660158 | 30/569/0664 | 275 | 30 |
| F-026 | 3/12/2007 | P-15848 | | 3 | PERU COFFEE | EISU 3738050 | 30/569/0670 | 275 | 15 |
| F-028 | 3/12/2007 | P-15848 | Jul-65 | 3 | PERU COFFEE | EISU 3738955 | 30/569/0669 | 275 | 30 |
| F-030 | 3/12/2007 | P-15840 | | 3 | PERU COFFEE | EISU 3737943 | 30-569-0656 | 274 | 46 |
| F-034 | 3/12/2007 | P-15848 | | 3 | PERU COFFEE | EISU 3748790 | 30/569/0665 | 275 | 40 |
| F-038 | 3/12/2007 | P-15848 | | 3 | PERU COFFEE | EISU 3737917 | 30/569/0666 | 275 | 16 |
| F-042 | 3/12/2007 | P-15848 | | 3 | PERU COFFEE | EISU 3738322 | 30/569/0671 | 275 | 16 |
| F-044 | 3/12/2007 | P-15848 | Jul-71 | 3 | PERU COFFEE | EMCU 3508100 | 30/569/0668 | 275 | 32 |
| F-046 | 3/12/2007 | P-15837 | | 3 | PERU COFFEE | GESU 2525775 | 30-569-0649 | 275 | 40 |

SCHEDULE A

CARGO CLAIM DOCS

P. 12

| | | | | | | Container | Code | | |
|---|---|---|---|---|---|---|---|---|---|
| F-048 | 3/12/2007 | P-15837 | Jul-42 | 3 | PERU COFFEE | EISU 3758619 | 30-569-0653 | 275 | 40 |
| F-050 | 3/12/2007 | P-15837 | Jul-44 | 3 | PERU COFFEE | IMTU 3002718 | 30-569-0648 | 275 | 30 |
| F-052 | 3/12/2007 | P-15848 | | 3 | PERU COFFEE | GLDU 3154736 | 30/569/0667 | 275 | 27 |
| F-054 | 3/12/2007 | P-15837 | | 3 | pERU COFFEE | UESU 2383442 | 30-569-0651 | 275 | 40 |
| F-058 | 3/12/2007 | P-15837 | Jul-46 | 3 | PERU COFFEE | EISU 3702340 | 30-569-0650 | 275 | 40 |
| F-062 | 3/12/2007 | P-15837 | Jul-47 | 3 | PERU COFFEE | FCIU 2026241 | 30-569-0652 | 275 | 40 |
| F-100 | 3/20/2007 | P-15868 | Jul-72 | 3 | PERU COFFEE | TGHU 0206323 | 30-569-0682 | 275 | 40 |
| F-106 | 3/20/2007 | P-15868 | Jul-73 | 3 | PERU COFFEE | CVCU 2094074 | 30-569-0687 | 275 | 40 |
| F-108 | 5/10/2007 | P-15868 | Jul-74 | 3 | PERU COFFEE | EISU 3720982 | 30-569-0683 | 275 | 30 |
| F-110 | 3/22/2007 | P-15811 | | 3 | PERU COFFEE | EISU 3711379 | 30/569/0690 | 250 | 40 |
| F-112 | 3/20/2007 | P-15868 | Jul-76 | 3 | PERU COFFEE | EISU 3655320 | 30-569-0684 | 275 | 40 |
| F-114 | 3/22/2007 | P-15868 | | 3 | PERU COFFEE | EMCU 3520791 | 30/569/0690 | 250 | 40 |
| F-116 | 3/20/2007 | P-15868 | Jul-77 | 3 | PERU COFFEE | UESU 2437512 | 30-569-0688 | 275 | 40 |
| F-118 | 3/20/2007 | P-15868 | Jul-78 | 3 | PERU COFFEE | TGHU 0206344 | 30-569-0681 | 275 | 40 |
| F-120 | 3/22/2007 | P-15811 | | 3 | PERU COFFEE | EISU 3733104 | 30/569/0690 | 250 | 40 |
| F-122 | 3/20/2007 | P-15868 | | 3 | PERU COFFEE | UESU 2182896 | 30-569-0678 | 275 | 40 |
| F-124 | 3/20/2007 | P-15868 | Jul-80 | 3 | PERU COFFEE | XINU 1054384 | 30-569-0685 | 275 | 40 |
| F-126 | 3/22/2007 | P-15811 | | 3 | PERU COFFEE | GESU 2709617 | 30/569/0690 | 250 | 40 |
| F-128 | 3/27/2007 | P-15899 | Jul-81 | 3 | PERU COFFEE | EISU 3739416 | 30/569/0693 | 275 | 40 |
| F-130 | 3/27/2007 | P-15899 | Jul-82 | 3 | PERU COFFEE | FCIU 2566358 | 30/569/0696 | 275 | 50 |
| F-132 | 3/27/2007 | P-15899 | Jul-83 | 3 | PERU COFFEE | EMCU 3538091 | 30/569/0695 | 275 | 30 |
| F-134 | 3/27/2007 | P-15899 | Jul-84 | 3 | PERU COFFEE | TGHU 0260860 | 30/569/0699 | 275 | 40 |
| F-136 | 3/27/2007 | P-15899 | Jul-85 | 3 | PERU COFFEE | TGHU 2674513 | 30/569/0892 | 275 | 40 |
| F-138 | 3/27/2007 | P-15899 | Jul-86 | 3 | PERU COFFEE | LTIU 3014856 | 30/569/0698 | 275 | 40 |
| F-140 | 3/27/2007 | P-15899 | Jul-87 | 3 | PERU COFFEE | TGHU 3309388 | 30/569/0697 | 275 | 40 |
| F-148 | 3/27/2007 | P-15899 | Jul-88 | 3 | PERU COFFEE | EISU 3720909 | 30/569/0694 | 275 | 40 |
| F-156 | 4/5/2007 | P-16057 | Jul-41 | 3 | PERU COFFEE | EMCU 3372117 | 30-569-0710 | 275 | 40 |
| F-158 | 4/5/2007 | P-16057 | Jul-42 | 3 | PERU COFFEE | FCIU 2690857 | 30-569-0706 | 275 | 40 |

**CARGO CLAIM DOCS**

| F-160 | 4/5/2007 | P-16057 |        | 3 | PERU COFFEE | EMCU 3522670 | 30-569-0709 | 275 | 40 |
| F-162 | 4/5/2007 | P-16057 | Jul-44 | 3 | PERU COFFEE | TGHU 0202884 | 30-569-0711 | 275 | 40 |
|       |          |         |        |   |             |              |             | 13899 |    |

On behalf of Louis Dreyfus Coffee, Term Commodities, and all other
interested parties and underwriters as their interests may ultimately
appear, we hereby make claim upon your company for the loss and damage
to the referenced coffee while stored in your warehouse (which you
allege resulted from severe weather on August 8, 2007), including your
failure to timely notify us of the damage, and demand payment of USD
201,233.38.


  Rgds,
David Marker
Louis Dreyfus Coffee
20 Westport Road
Wilton  CT  06877

CARGO CLAIM DOCS