**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

OSIRIS MARINE AND GENERAL
INSURANCE COMPANY LIMITED

**Docket No.:**
**08-CIV-4232**

Plaintiffs,

- against -

THE FOURTEEN FLORENCE STREET
CORP. a/k/a FLORENCE WARREHOUSE
INC., and MECCA & SONS TRUCKING
CORP.

Defendants.

-----------------------------------------------------------X

---

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

---

**BARRY, McTIERNAN & MOORE, ESQS.**
1024 Amboy Avenue
Edison, New Jersey 08837

*Attorney for Defendants*
Mecca & Sons Trucking Corp. and
Fourteen Florence Street Corp.

<u>Of Counsel:</u>
Richard W. Wedinger, Esq.

<u>On the Brief:</u>
Sean Del Duca, Esq.

## TABLE OF CONTENTS

**PAGE NUMBER(S)**

**Table of Authorities**…………………………………………………    ii

**Preliminary Statement**…………………………………………    1

**Statement of Facts**…………………………………………...

**Legal Argument**…………………………………………………

       **POINT I**
       **THIS COURT LACKS PERSONAL JURISDICTION OVER**
       **DEFENDANTS TO GRANT THE RELIEF REQUESTED BY PLAINTIFF**
       **UNDER FED. R. CIV. P. 12(B)(2)**………………………………..

       **POINT II**
       **THE MATTER IS IMPROPERLY VENUED AND SHOULD**
       **ACCORDINGLY BE DISMISSED UNDER FED. R.**
       **CIV. P. 12(B)(3).** ……………………

**Conclusion**……………………………………………………    16

## TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE NUMBER(S)**

Bellepointe, Inc. v. Kohl's Dep't Stores, Inc., 975 F. Supp. 562, 564
(S.D.N.Y. 1997) ……… ……………………………………….……… ……

Brooks v. Von Lenthe, 2005 US Dist LEXIS 24280 …………………………………

Conley v. Gibson, 355 U.S. 41, 45 (1957) ……………………………………………

Darby Trading Inc. v. Shell Int'l Trading & Shipping
Company Limited, 2008 U.S. Dist. LEXIS 25980, 6-7 (S.D.N.Y. 2008) …… …………

Earle v. McVeigh, 91 U.S. 503, 507 (1867) …………………………………………..

Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165
(S.D.N.Y. 2005)……… ……………………………………………….……… ………

Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998)……… …………

Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999) ……………………

McGowan v. Smith, 52 N.Y.2d 268 (1981) …………………………………………

Newbro v. Freed, 2004 U.S. Dist. LEXIS 5358, 4 (S.D.N.Y. 2004) ……………

Opticare Acquisition Corp. v. Castillo, 2005 NY Slip Op 8296, 6
(App. Div. 2005) …………………………………………………………………

Ostrer v. Aronwald, 567 F.2d 551 (2d. Cir. 1977) …………………………………

Read v. Ulmer, 308 F.2d 915 (5th Cir. 1962)

Salahuddin v. Cuomo, 861 F.2d 40, 43 (2d Cir. 1998) ………………………………...

Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D. N.Y. 1983)

Smith v. New York State Dep't of Taxation and Fin., No. 01 CV 1776,
2002 U.S. Dist. LEXIS 10375, at *2 (E.D. NY May 17, 2002) ………………………..

Southridge Capital Management, LLC v. Lowry……………………………………

<u>Thanning v. The Nassau County Medical Examiners Office</u>,
187 F.R.D. 69, 70 (E.D.N.Y. 1999) …………………………………………………

<u>Whitaker v. American Telecasting, Inc.</u>, 261 F.3d 196, 208
(2d Cir. 2001) …………………………………………………………………….

<u>Xedit Corp. v. Harvel Ind. Corp.</u>, 456 F. Supp. 725, 729 (S.D.N.Y. 1978) …………

## **STATUTES**

28 U.S.C. §1391(a)

## **COURT RULES**

Fed. R. Civ. P. 12(b)(2)……………………………………………………………..

## PRELIMINARY STATEMENT

Based upon the pleadings of the Plaintiff in the matter herein, this Court has no jurisdiction over the Defendants Mecca & Sons Trucking Corp. and Fourteen Florence Street Corp.

As will be illustrated, gleaned solely from the pleadings of Plaintiff, the subject action alleged by Plaintiff did not involve any parties residing in the State of New York. Further, the actions and damages complained of had no relation to any business conducted in the State of New Jersey.

Moreover, the Defendants, as set forth by Plaintiff and admitted by the Defendants herein, were and are incorporated and organized under the existing laws of the State of New Jersey, with their principal places of business residing in the City of Jersey City, State of New York.

Thus, this Court has no jurisdiction over either Defendant.  It would be constitutionally and fundamentally unfair and violative of due process rights to hold Defendants under the authority of this Court.

For these reasons, Plaintiff's complaint should be dismissed in its entirety.

**STATEMENT OF FACTS**

The case stems from allegations that Defendants Mecca & Sons Trucking Corp. and Fourteen Florence Street Corp. failed to retain and return goods delivered by Plaintiff in the same condition as originally delivered.

Plaintiff alleges that a contract existed as and between the Plaintiff's assured and Defendants, and that Defendants breached that contract. Plaintiff further alleges that Defendants failed to exercise reasonable care under the circumstances to prevent damage to the subject shipment. Plaintiff lastly alleges that Defendants were acting as bailees and had a duty to care for the subject shipment at the time it was damaged, and that Defendants breached those obligations in failing to deliver to Plaintiff's assured or its designee the said shipment in the same condition as delivered to Defendants. (See Plaintiff's Complaint, filed May 5, 2008, attached hereto as Exhibit A).

Plaintiff Osiris Marine and General Insurance Company Limited (hereinafter "Osiris Marine" or "Plaintiff") is the insurer of the shipment of goods that is the subject of the present action. (*See* Complaint at ¶ 2). Osiris Marine is incorporated under the laws of Guernsey, having its principal place of business in Guernsey. *Id.*

Defendant Mecca & Sons Trucking Corp. and Fourteen Florence Street Corp. (collectively "Defendants") are incorporated under the laws of the State of New Jersey, having their principal places of businesses in the City of Jersey City, State of New Jersey. *Id.* at ¶ 3 and ¶ 4.

There are no allegations set forth by Osiris Marine that the shipment, goods or any business involving the parties herein had any relation to the State of New York.

5

Defendants were served via personal service at their places of business located in Jersey City, New Jersey.  (See Affidavits of Service, attached hereto as Exhibit B).

**LEGAL ARGUMENT**

**POINT I**

**THIS COURT LACKS THE JURISDICTION OVER MECCA & SONS
TRUCKING CORP. OR FOURTEEN FLORENCE STREET CORP.
TO GRANT THE RELIEF REQUESTED BY PLAINTIFF
UNDER FED. R. CIV. P. 12(b)(2)**

The relief that Plaintiff has requested cannot be granted by this federal court
because it lacks the jurisdiction over Mecca & Sons Trucking Corp. and Fourteen
Florence Street Corp. to do so under Fed. R. Civ. P. 12(b)(2).

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the
plaintiff has the burden of establishing that the court maintains jurisdiction over the
defendant.   Darby Trading Inc. v. Shell Int'l Trading & Shipping Company Limited,
2008 U.S. Dist. LEXIS 25980, 6-7 (S.D.N.Y. 2008); Kernan v. Kurz-Hastings, Inc., 175
F.3d 236, 240 (2d Cir. 1999); Brooks v. Von Lenthe, 2005 US Dist LEXIS 24280.
Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the
motion "by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by
making a *prima facie* showing of jurisdiction." Darby Trading, Inc., 2008 U.S. Dist. at 7;
Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998).  A  prima facie showing of
jurisdiction " means that plaintiff must plead facts which, if true, are sufficient in
themselves to establish jurisdiction."  Id.; Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.,
975 F. Supp. 562, 564 (S.D.N.Y. 1997).

Pursuant to 28 U.S.C. §1391(a):

> A civil action wherein jurisdiction is founded only on diversity
> may ... only be brought in (1) a judicial district where any
> defendant resides, if all defendants reside in the same State.

District courts resolving issues of personal jurisdiction must engage in a two-part analysis. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (S.D.N.Y. 2005). In assessing whether personal jurisdiction is authorized, the court must look first to the long-arm statute of the forum state, in this instance New York. Id.; Brooks, 2005 US Dist LEXIS at 14; Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process. Brooks, 2005 U.S. Dist LEXIS at 15; Grand River Enters. Six Nations, Ltd., 425 F.3d at 165.

New York's long-arm statute provides:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

N.Y.C.P.L.R. §302(a)(1).

In regards to evaluating jurisdiction, "a transaction of business in New York, standing alone, is not enough to sustain personal jurisdiction under CPLR 302(a)(1)." Opticare Acquisition Corp. v. Castillo, 2005 NY Slip Op 8296, 6 (App. Div. 2005). In addition, the cause of action sued upon must arise out of the transaction. Id., citing McGowan v. Smith, 52 N.Y.2d 268 (1981). "As the Court of Appeals has instructed, essential to the maintenance of a suit against a nondomiciliary, the cause of action must arise from the defendant's contacts or activities with the forum state, and the activities have to be 'substantially proximate to the allegedly unlawful acts'." Id. In other words, the foreign defendant's transaction of business in New York must "bear a substantial relationship to the transaction out of which the instant cause of action arises." Id.; see also Newbro v. Freed, 2004 U.S. Dist. LEXIS 5358, 4 (S.D.N.Y. 2004), citing Southridge Capital Management, LLC v. Lowry, 188 F. Supp. 2d 388, 397 (S.D.N.Y. 2002) ("substantial relationship can be shown where an action 'is sufficiently related to the business transacted that it would not be unfair to deem it to arise out of the transacted business.'); McGowan v. Smith, 52 N.Y. 2d 268, 272 (1981) (essential to the maintenance of a suit against a nondomiciliary" under C.P.L.R. 302(a)(1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon); Xedit Corp. v. Harvel Ind. Corp., 456 F. Supp. 725, 729 (S.D.N.Y. 1978) (for a cause of action to be deemed to "arise from" a defendant's New York activities, the activities have to be substantially proximate to the allegedly unlawful acts).

If the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss, and finds itself constrained

to proceed no further.  See Read v. Ulmer, 308 F.2d 915 (5th Cir. 1962); Earle v.

McVeigh, 91 U.S. 503, 507 (1867); Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.

N.Y. 1983).

In the instant case, there are absolutely no allegations invoking New York or its

jurisdiction.  The only mention of New York is in Plaintiff's Complaint ¶6, wherein

Plaintiff asserts venue is proper in the Southern District of New York because Defendants

allegedly did and continue to regularly do business in the district.  However, even if true,

same is not sufficient to grant jurisdiction of this Court over either Defendant.

Not only must the defendant have contacts within the jurisdiction, but that foreign

defendant's transaction of business in New York must bear a substantial relationship to

the transaction out of which the instant cause of action arises.  There are no allegations

that the actions by defendants alleged by Plaintiff underlying its complaint had any

relation whatsoever with New York.  As alleged by Plaintiff, Defendants both are

incorporated in New Jersey with their principal places of business in New Jersey.

Plaintiff is incorporated with its principal place of business in Guernsey.  The alleged

shipment was delivered to Defendants in New Jersey.  The alleged breach and liable

conduct of Defendants allegedly occurred while the subject shipment were in

Defendants' possession in New Jersey.

Absent from any allegation set forth by Plaintiff is any relation of this suit to New

York, or to any alleged conduct of Defendants in New York.

Accordingly, because this Court lacks the jurisdiction over either Defendant, and

consequently lacks the authority to provide the relief requested in this case, Plaintiff's

Complaint in its entirety should be dismissed under Fed. R. Civ. P. 12(b)(2).

**POINT II**

**VENUE IS IMPROPER AS THERE IS NO BASIS FOR THIS ACTION
TO BE VENUED IN ANY JURISDICTION OF NEW YORK**

As illustrated *supra*, there is no connection or relation between the allegations set

forth in Plaintiff's complaint and New York.

In its Complaint, Plaintiff asserts two bases for venue in the Southern District of

New York. 28 U.S.C. §1391(a)(3) states:

> A civil action wherein jurisdiction is founded only on
> diversity of citizenship may, except as otherwise provided
> by law, be brought only in
>
>  (3) a judicial district in which any defendant is
> subject to personal jurisdiction at the time the action
> is commenced, if there is no district in which the
> action may otherwise be brought.

Plaintiff's other basis for venue in New York is 28 U.S.C. §1391(c), which

states:

> For purposes of venue under this chapter, a defendant that
> is a corporation shall be deemed to reside in any judicial
> district in which it is subject to personal jurisdiction at the
> time the action is commenced. In a State which has more
> than one judicial district and in which a defendant that is a
> corporation is subject to personal jurisdiction at the time an
> action is commenced, such corporation shall be deemed to
> reside in any district in that State within which its contacts
> would be sufficient to subject it to personal jurisdiction if
> that district were a separate State, and, if there is no such
> district, the corporation shall be deemed to reside in the
> district within which it has the most significant contacts.

Neither statute supports venue in New York.  First, as set forth in Point I, the

Defendants are not subject to personal jurisdiction in New York in this action.

11

Second, the Defendants do not reside in New York.  A corporation is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. §1332(c)(1).  Defendants in this action reside in and are citizens of the State of New Jersey, where each was/is incorporated and has its principal place of business, and accordingly, the only proper venue would be where defendants are subject to personal jurisdiction in this action – New Jersey.

Third, the claim underlying this action did not arise in New York.  Thus, it would unfair to hold any party herein subject to a jurisdiction or venue where neither would expect a possible claim to arise.  The parties are from Guernsey and New Jersey respectively.  The alleged wrongful conduct occurred in New Jersey, where Defendants conducted the business alleged in the action.  Nowhere in this Complaint does the Plaintiff invoke New York is relevant to the proceedings it alleges.

In light of same, Defendants know of no evidence or witnesses that exist in New York that would make New York a more convenient or logical jurisdiction for this action to be venued.

Accordingly, because this action has been improperly venued in New York, the Defendants herein request that the matter be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint must be dismissed in its entirety for lack of jurisdiction over the Defendants named herein pursuant to Fed. R. Civ. P. 12(b)(2), or alternatively for improper venue pursuant to Fed. R. Civ. P. 12(b)(3); or

alternatively for failure to state a cause of action upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

If the Court in its judgment decides against the relief requested in this Motion, Defendants respectfully request that the Defendant not be deemed to have waived any and all defenses available to them, and that Defendant be allowed to time to file an Answer and Defenses to the Complaint, pursuant to Fed. Civ. P. R. 12(a)(4).

Respectfully submitted,

*Sean Del Duca*
Sean Del Duca, Esq.

Dated: May 29, 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

OSIRIS MARINE AND GENERAL
INSURANCE COMPANY LIMITED

**Docket No.:
08-CIV-4232**

Plaintiffs,

- against -

**NOTICE OF MOTION
TO DISMISS**

THE FOURTEEN FLORENCE STREET
CORP. a/k/a FLORENCE WARREHOUSE
INC., and MECCA & SONS TRUCKING
CORP.

Defendants.

--------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed Declaration of Sean Del Duca, Esq., dated May 29, 2008, and the accompanying Memorandum of Law, dated May 29, 2008, and all the pleadings and proceedings had herein, the undersigned will move this Court, before the Honorable , by submission, at a date and time to be selected by the Court, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007, for an Order dismissing the Complaint in this action, with prejudice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 6.1, of the Local Civil Rules for the Southern District of New York, answering papers, if any, are due ten days after service of this motion.

Dated: May 29, 2008

Respectfully submitted,
BARRY, McTIERNAN & WEDINGER
*Sean Del Duca*
Sean Del Duca, Esq.

To:     David T. Maloof, Esq.
        Thomas M. Eagan, Esq.
        MALOOF BROWNE & EAGAN LLC
        411 Theodore Fremd Avenue
        Suite 190
        Rye, New York 10580
        *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

OSIRIS MARINE AND GENERAL
INSURANCE COMPANY LIMITED

                          Plaintiffs,

        - against -

THE FOURTEEN FLORENCE STREET
CORP. a/k/a FLORENCE WARREHOUSE
INC., and MECCA & SONS TRUCKING
CORP.

                        Defendants.

-----------------------------------------------------------X

**Docket No.:**
**08-CIV-4232**


**DECLARATION IN**
**SUPPORT OF**
**MOTION TO DISMISS**

SEAN DEL DUCA, deposes and states as follows, under penalties of perjury:

1. I am an Attorney At Law in the State of New Jersey and am an Associate with the Law Firm of Barry, McTiernan & Wedinger.  I have been entrusted with the handling of the within claim, and accordingly, have knowledge of the facts certified herein.

2. I submit this Declaration in support of the Motion to Dismiss Plaintiff's Complaint on behalf of Defendants Mecca & Sons Trucking Corp. and Fourteen Florence Street Corp., on the grounds asserted in the accompanying Memorandum of Law, including lack of jurisdiction by this Court over the Defendants.

3. Attached hereto as Exhibit A to the original motion is a copy of the Complaint in this action.

4. Attached hereto as Exhibit B to the original motion is a copy of the Affidavits of Service on Defendants in this action.

WHEREFORE, for the reasons set forth herein and in the accompanying Memorandum of Law, Defendants Mecca & Sons Trucking Corp. and Fourteen Florence Street Corp. respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and grant such other and further relief as the Court deems just, proper and appropriate.

Dated:    May 29, 2008

*Sean Del Duca*                    
Sean Del Duca, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

OSIRIS MARINE AND GENERAL
INSURANCE COMPANY LIMITED                     **Docket No.:
                                               08-CIV-4232**

                        Plaintiffs,

        - against -                           **CERTIFICATE
                                               OF SERVICE**

THE FOURTEEN FLORENCE STREET
CORP. a/k/a FLORENCE WARREHOUSE
INC., and MECCA & SONS TRUCKING
CORP.

                        Defendants.

-----------------------------------------------------------X

        I hereby certify that on May 29, 2008, I caused the following documents to be
filed with the Clerk of the Court:

        1.      Notice of Motion to Dismiss Defendants Mecca & Sons Trucking Corp.
and Fourteen Florence Street Corp.;

        2.      Declaration in Support of Motion to Dismiss Plaintiff's Complaint.

        3.      Memorandum of Law in Support of Motion to Dismiss Plaintiff's
Complaint.

        I further certify that I caused a copy of the foregoing documents to be mailed on
May 29, 2008, by Overnight Mail and via fax, to the Plaintiff's counsel in this matter:
David T. Maloof, Esq., Thomas M. Eagan, Esq., MALOOF BROWNE & EAGAN LLC,
411 Theodore Fremd Avenue, Suite 190, Rye, New York 10580.

                                BARRY, McTIERNAN & WEDINGER
                                *Sean Del Duca*
                                Sean Del Duca, Esq.
                                1024 Amboy Avenue
                                Edison, New Jersey 08837
                                Attorney for Defendants
                                732-225-3510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSIRIS MARINE AND GENERAL INSURANCE
COMPANY LIMITED,

|  | |
|---|---|
| Plaintiff, | **Case No.**<br>**08cv4232** |
| Vs | |
| THE FOURTEEN FLORENCE STREET CORP.,<br>a/k/a FLORENCE WAREHOUSE. INC., et al., | **AFFIDAVIT OF**<br>**SERVICE** |

Defendants.

STATE OF NEW YORK)
COUNTY OF NEW YORK } ss.:

Julio Delara, being duly sworn, deposes and says: I am not a party to this action, am
Over 18 years of age and reside at New York, NY:

On May 9, 2008 at 3:40 p.m. at 580 Marin Blvd, Jersey City, NJ 07310,
I served the within SUMMONS and COMPLAINT on THE FOURTEEN FLORENCE
STREET CORP., defendant therein named, by delivering a true copy of same to
MELINDA PEREZ, designated agent.

The person served is a Hispanic female, brown hair. 30-40 years old. 5'5"-5'8" in height,
160-170 pounds.

Julio Delara
License No. 991178

Sworn to before me this
12th day of May 2008

NOTARY PUBLIC

BRUCE LAZARUS
NOTARY PUBLIC-STATE OF NEW YORK
No. 4990593
Qualified in Westchester County
My Commission Expires January 13, 20 /0

**LegalEase**
*Inc.*

139 Fulton Street. New York, NY 10038
Tel: 212-393-9070  •  800-393-1277  •  Fax: 212-393-9796

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSIRIS MARINE AND GENERAL INSURANCE
COMPANY LIMITED,

                                        Case No.
                    Plaintiff,          08cv4232

        Vs

                                        **AFFIDAVIT OF**
THE FOURTEEN FLORENCE STREET CORP.,     **SERVICE**
a/k/a FLORENCE WAREHOUSE, INC., et al.,

                    Defendants.

STATE OF NEW YORK)
COUNTY OF NEW YORK } ss.:

Julio Delara, being duly sworn, deposes and says: I am not a party to this action, am
Over 18 years of age and reside at New York, NY:

On May 9, 2008 at 3:40 p.m. at 580 Marin Blvd, Jersey City, NJ 07310,
I served the within SUMMONS and COMPLAINT on MECCA & SONS TRUCKING
CORP., defendant therein named, by delivering a true copy of same to MELINDA
PEREZ, designated agent.

The person served is a Hispanic female, brown hair, 30-40 years old, 5'5"-5'8" in height,
160-170 pounds.

                                        Julio Delara
                                        License No. 991178

Sworn to before me this
12th day of May 2008

NOTARY PUBLIC

BRUCE LAZARUS
NOTARY PUBLIC-STATE OF NEW YORK
No. 4990593
Qualified in Westchester County
My Commission Expires January 13, 20//